UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN HALE, Ph.D.<br><br>Plaintiff,<br><br>v.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION,<br><br>Defendants. | Case No. 2:22-cv-01321-CDS-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint alleging violation of state and federal civil rights laws. ECF Nos. 1 and 1-1. The Court finds the IFP application is complete and Plaintiff qualifies to proceed without payment of the filing fees. However, the Court recommends dismissing portions of the Complaint with prejudice and portions without prejudice for the reasons stated below.

**I.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Plaintiff's Complaint**

Plaintiff alleges claims of retaliation and race discrimination under Title VII of the 1964 Civil Rights Act ("Title VII") and NRS 613.340, as well as under the Age Discrimination in Employment Act (the "ADEA") and NRS 613.330. However, portions of these claims are barred by the Eleventh Amendment to the U.S. Constitution. Other claims are barred because Plaintiff can only assert these claims upon a showing that he exhausted administrative remedies.

A.     Failure to Exhaust

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII and the ADEA." *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009) (to exhaust all administrative remedies under the ADEA, plaintiff must allege that he filed an administrative charge with the EEOC within 180 days of when the alleged unlawful practice occurred). This same rule applies to claims filed under Nevada law. *Pope v. Motel 6*, 114 P.3d 277, 280 n.6 (Nev. 2005) (internal citation omitted) ("NRS 613.420 requires an employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC[, the Nevada Equal Rights Commission,] before filing a district court action"); *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) (citing *Copeland v. Desert Inn Hotel*, 673 P.2d 490 (Nev. 1983) for the proposition that Nevada looks "to the federal courts for guidance in discrimination cases").

In his Complaint, Plaintiff fails to state that he filed a Charge of Discrimination with the EEOC or NERC. Plaintiff also does not attach a Charge of Discrimination to his Complaint. ECF

No. 1-1. Plaintiff does not attach a Right to Sue letter indicating exhaustion of a Charge. *Id*. For these reasons, there is insufficient information to find Plaintiff may proceed on any of his claims.

B. <u>Sovereign Immunity Under the ADEA</u>.

Plaintiff also faces a problem with sovereign immunity. The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "In the absence of a waiver by the state or a valid congressional override, '[u]nder the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (quoting *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "Nevada has explicitly refused to waive its immunity to suit under the [E]leventh [A]mendment." *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (citing NRS 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.")). The ADEA does not abrogate state sovereign immunity, making the State of Nevada immune from lawsuits under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). This immunity also shields "arms" of the state, such as the Nevada System of Higher Education. *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980). Thus, Plaintiff's ADEA claims against the Nevada System of Higher Education must dismissed with prejudice.

C. <u>Plaintiff's Pendent State Law Claims are Barred</u>.

The State of Nevada and its operating divisions are also immune from suit in federal court under Nevada's anti-discrimination statutory scheme found at Chapter 613 of the NRS. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Supreme Court expressly rejected the notion that the judge-made doctrine of pendent jurisdiction can be used to "override" the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 120-21 (1984) (under the Eleventh Amendment, agencies of the state are immune from private actions or suits brought in federal court "regardless of the nature of the relief sought"); *Alabama v. Pugh,* 438 U.S. 781 (1978) (per curiam). Although claims premised on the statutory or common law of a state can be filed as "pendent" to claims asserted under certain federal statutes such as Title VII,

the Eleventh Amendment operates to preclude the federal court from entertaining the pendent claims. *Id*. Thus, all of Plaintiff's pendant state law claims asserted against the Nevada System of Higher Education, College of Southern Nevada must be dismissed. However, the Court recommends dismissing these claims without prejudice so that, if Plaintiff chooses to do so, he may file these claims in state court.

        D.      <u>Plaintiff's Title VII Claims of Retaliation and Race Discrimination are not Barred by Immunity</u>.

The U.S. Supreme Court holds "that in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (holding that Title VII of the Civil Rights Act of 1964 abrogates the states' Eleventh Amendment immunity). Thus, Plaintiff's Title VII claims are not barred by the Eleventh Amendment and, if other prerequisites to bringing these claims are met, Plaintiff may ultimately be able to proceed in federal court against the Nevada System of Higher Education under Title VII. *Anderson v. Nevada ex rel.*, Case No. 3:09-cv-00460-ECR-RAM, 2010 WL 11594887, at *2 (D. Nev. Jan. 28, 2010).

**III.**    **Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IV.**    **Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's First, Second, and Third Causes of Action asserting state law claims under NRS 613.330 and 613.340 be dismissed without prejudice to allow Plaintiff to proceed in state court on these claims if he so chooses. The Court further recommends that the Order make clear these claims may not be refiled in federal court.

IT IS FURTHER RECOMMENDED that Plaintiff's Second and Fourth Causes of Action under Title VII be dismissed without prejudice. Plaintiff fails to demonstrate he exhausted administrative remedies, which he must do before he may bring these claims in federal court.

IT IS FURTHER RECOMMENDED that Plaintiff's Third Cause of Action asserting violations of the ADEA be dismissed with prejudice because these claims are barred by the Eleventh Amendment.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint demonstrating exhaustion of administrative remedies regarding his Title VII claims, the filing must be titled "Amended Complaint." The amended complaint must contain a short and plain statement demonstrating exhaustion of administrative remedies and the factual basis for Plaintiff's claims.

Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or document. The Court cannot refer to a prior pleading or other documents to find Plaintiff's amended complaint is complete.

IT IS FURTHER RECOMMENDED that Plaintiff must file an amended complaint, if any, on or before **September 19, 2022**.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to abide by the terms of this Recommendation, Plaintiff's action be dismissed without prejudice in its entirety.

DATED this 18th day of August, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).