UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Melvin Hale,<br><br>                    Plaintiff,<br><br>       v.<br><br>Nevada System of Higher Education,<br><br>                    Defendant. | Case No.: 2:22-cv-01321-CDS-EJY<br><br>**Order Adopting Report and Recommendation of Magistrate Judge**<br><br>[ECF No. 5] |

Before the Court is the Report and Recommendation ("R&R") (ECF No. 5) of United States Magistrate Judge Elayna J. Youchah issued following the review of Plaintiff Melvin Hale's complaint alleging state and federal civil rights violations (ECF No. 1-1) and application to proceed *in forma pauperis* (ECF No. 1). In the R&R, Magistrate Judge Youchah recommended that parts of Hale's complaint be dismissed with leave to amend his claims, and others be dismissed with prejudice. Because Hale has not objected to Magistrate Judge Youchah's R&R, I adopt the R&R in its entirety and dismiss Hale's complaint with leave to amend.

   **I.**  **Relevant Background Information**

Hale filed an application for leave to proceed *in forma pauperis* (ECF No. 1) alongside his initial complaint (ECF No. 1-1) on August 16, 2022. After a review, Magistrate Judge Youchah entered an R&R (ECF No. 5) granting Hale's IFP application but recommending that the first, part of the second, and third causes of action (asserting state law claims under NRS 613.330 and 613.340) be dismissed without prejudice because they cannot pierce the State of Nevada's immunity from suit in federal court; that the other part of the second and fourth causes of action

(asserting claims under Title VII) be dismissed without prejudice for failure to exhaust administrative remedies; and that Hale's third cause of action (asserting violations of the ADEA) be dismissed with prejudice because these claims are barred by Eleventh Amendment sovereign immunity. *See* ECF No. 5 at 4-5. Hale was granted leave to file an amended complaint demonstrating exhaustion of administrative remedies regarding his Title VII claims. *Id.* at 5. Hale was advised that failure to abide by the terms of the R&R would result in the action being dismissed without prejudice in its entirety. *Id.*

Hale has not filed objections to the R&R.

**II.     Discussion**

Pursuant to the local rules, Hale had fourteen (14) days to file any objections to the R&R. LR IB 3-2(a) (stating that a party who objects to a report and recommendation from a magistrate judge must file a written objection supported by points and authorities within fourteen days of being served with the report and recommendation). The deadline to file an objection was September 1, 2022. *See* ECF No. 5 at 5. Instead of filing an objection, Hale chose to file an amended complaint.[1] ECF No. 6.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed," I conducted a *de novo* review of the issues set forth in the report and recommendation. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order

---

[1] The amended complaint (ECF No. 6) appears to allege only the claims for which amendment was recommended in the R&R and will be screened in due course.

is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

After considering the relevant record, lack of objections, and the recommendations, I find the R&R well-reasoned and neither clearly erroneous nor contrary to the law. Specifically, Hale must exhaust his administrative remedies as a "statutory pre-requisite to...pursue litigation under both Title VII and the ADEA." *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2009). The same is true for Hale's attempt to pursue NRS 613 violations under state law. *See Pope v. Motel 6*, 114 P.3d 277, 280 n.6 (Nev. 2005) ("NRS 613.420 requires an employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action."). Because Hale has not proven that he has exhausted administrative remedies with the EEOC or NERC, his discrimination claims may not proceed.

**III.    Conclusion**

IT IS HEREBY ORDERED that Magistrate Judge Youchah's Report and Recommendation **(ECF No. 5) is ADOPTED** in its entirety.

Because Hale has already filed an amended complaint, IT IS FURTHER ORDERED that the First, Second, and Third Causes of Action asserting state law claims under NRS 613.330 and 613.340 from the original complaint are DISMISSED without prejudice; and may not be reasserted herein.

IT IS FURTHER ORDERED that Plaintiff's Second and Fourth Causes of Action under Title VII from the original complaint are DISMISSED with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Third Cause of Action asserting violations of the ADEA are DISMISSED with prejudice because these claims are barred by the Eleventh Amendment.

IT IS SO ORDERED.

DATED this September 15, 2022.

_____
Cristina D. Silva
United States District Judge

4