Kristen T. Gallagher (NSBN 9561)
Daniel I. Aquino (NSBN 12682)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for Defendant College of Southern Nevada*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MELVIN HALE, Ph.D.,

    Plaintiff,

vs.

STATE OF NEVADA ex rel. BOARD OF
REGENTS FOR THE NEVADA SYSTEM OF
HIGHER EDUCATION ON BEHALF OF THE
COLLEGE OF SOUTHERN NEVADA, a State
of Nevada entity,

    Defendant.

Case No:  2:22-cv-01321-CDS-EJY

**ANSWER TO AMENDED
COMPLAINT**

    Defendant State of Nevada ex. rel. Board of Regents of the Nevada System of Higher Education, on behalf of the College of Southern Nevada ("Defendant"), erroneously and incompletely named as "Nevada System of Higher Education," through its undersigned counsel hereby answers Plaintiff Melvin Hale, Ph.D's ("Plaintiff") Amended Complaint as follows:

## <u>JURISDICTION AND VENUE</u>

    1.  Answering paragraph 1 of the Amended Complaint, Defendant admits this Court has jurisdiction over Plaintiff's claims, and denies any wrongdoing or violation of law.

    2.  Answering paragraph 2 of the Amended Complaint, Defendant admits this Court has jurisdiction over Plaintiff's claims, and denies any wrongdoing or violation of law.

    3.  Answering paragraph 3 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD ⟨⟩ CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**THE PARTIES**

4.     Answering paragraph 4 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

5.     Answering paragraph 5 of the Amended Complaint, Defendant admits that the College of Southern Nevada is a branch of the State University governed by a Board of Regents, as created in the Nevada Constitution, Art. 11, Section 4; Nevada Revised Statutes ("NRS") 396,005, *et. seq.*.  Defendant objects to the remainder of the allegations set forth therein as vague, ambiguous, and undefined, rendering the allegations not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.     Answering paragraph 6 of the Amended Complaint, Defendant admits that Plaintiff applied to the position "Librarian – eLearning" in January 2022.

7.     Answering paragraph 7 of the Amended Complaint, Defendant admits that Plaintiff applied to the position "Librarian – eLearning."

8.     Answering paragraph 8 of the Amended Complaint, Defendant admits that the "Librarian – eLearning" position was initially to be located at CSN's North Las Vegas Campus, with the potential for transfer to another campus.

9.     Answering paragraph 9 of the Amended Complaint, Defendant admits that Plaintiff was informed he was not selected for the position on or about April 27, 2022.

10.     Answering paragraph 10 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

11.     Answering paragraph 11 of the Amended Complaint, Defendant objects to the phrase "refused" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.  Defendant admits that NSHE declined to engage in the EEOC's mediation process.

12.     Answering paragraph 12 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

13.     Answering paragraph 13 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

14.     Answering paragraph 14 of the Amended Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required.  Defendant denies any wrongdoing or violation of the law.

### ALLEGATIONS COMMON TO ALL CLAIMS

15.     Answering paragraph 15 of the Amended Complaint, Defendant admits that CSN posted an opening for a "Instruction/Reference Librarian" position in early 2022.

16.     Answering paragraph 16 of the Amended Complaint, Defendant admits that Plaintiff applied only to the "Librarian – eLearning" position.

17.     Answering paragraph 17 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

18.     Answering paragraph 18 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

19.     Answering paragraph 19 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

20.     Answering paragraph 20 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

21.     Answering paragraph 21 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

22.     Answering paragraph 22 of the Amended Complaint, Defendant admits that several applicants applied to the "Librarian – eLearning" position, and that Plaintiff was one of two finalists for the position.

23.     Answering paragraph 23 of the Amended Complaint, Defendant admits that the finalist candidates, including Plaintiff, were interviewed virtually on March 4, 2022 and March 10, 2022.

24.     Answering paragraph 24 of the Amended Complaint, Defendant admits that members of CSN's Screening Committee met with Plaintiff on March 4, 2022.

25.     Answering paragraph 25 of the Amended Complaint, Defendant admits that members of CSN's Hiring Committee met with Plaintiff on March 10, 2022.

26.     Answering paragraph 26 of the Amended Complaint, Defendant denies that applicants for the "Librarian – eLearning" position were graded on a point or numerical score system, but admits that applicants were evaluated based on information provided in the application process, including responses to questions and a presentation.  Defendant avers that the remaining allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

27.     Answering paragraph 27 of the Amended Complaint, Defendant denies the allegations therein.

28.     Answering paragraph 28 of the Amended Complaint, Defendant denies the allegations therein.

29.     Answering paragraph 29 of the Amended Complaint, Defendant denies the allegations therein.

30.     Answering paragraph 30 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

31.     Answering paragraph 31 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

32.     Answering paragraph 32 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

33.     Answering paragraph 33 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

34.     Answering paragraph 34 of the Amended Complaint, Defendant objects to the phrase "remote teaching site" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

35.     Answering paragraph 35 of the Amended Complaint, Defendant objects to the phrases "several librarians and administrators," "interfaced," and "delivery of library school courses" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

36.     Answering paragraph 36 of the Amended Complaint, Defendant objects to the phrase "remote classes" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.  Defendant further objects on the grounds that the allegation fails to sufficiently define a specific time period, rendering the allegation not susceptible to a knowing admission or denial, and on that further basis Defendant denies the allegation.

37.     Answering paragraph 37 of the Amended Complaint, Defendant objects to the phrase "close working relationship" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.  Defendant further objects on the grounds that the allegation fails to sufficiently define a specific time period, rendering the allegation not susceptible to a knowing admission or denial, and on that further basis Defendant denies the allegation.

38.     Answering paragraph 38 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

39.     Answering paragraph 39 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

40.     Answering paragraph 40 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

41.     Answering paragraph 41 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

42.     Answering paragraph 42 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

43.     Answering paragraph 43 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

44.     Answering paragraph 44 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

45.     Answering paragraph 45 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

46.     Answering paragraph 46 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

47.     Answering paragraph 47 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

48.     Answering paragraph 48 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

49.     Answering paragraph 49 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

50.     Answering paragraph 50 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

51.     Answering paragraph 51 of the Amended Complaint, Defendant denies the allegations therein.

52.     Answering paragraph 52 of the Amended Complaint, Defendant denies the allegations therein.

53.     Answering paragraph 53 of the Amended Complaint, Defendant denies the allegations therein.

54.     Answering paragraph 54 of the Amended Complaint, Defendant admits that it hired an individual under the age of 40 for the "Librarian – eLearning" position.  Defendant denies any wrongdoing or violation of the law.

55.     Answering paragraph 55 of the Amended Complaint, Defendant denies the allegations therein.

56.     Answering paragraph 56 of the Amended Complaint, Defendant denies the allegations therein.

57.     Answering paragraph 57 of the Amended Complaint, Defendant denies the allegations therein.

58.     Answering paragraph 58 of the Amended Complaint, Defendant denies the allegations therein.

59.     Answering paragraph 59 of the Amended Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required.  Defendant denies any wrongdoing or violation of the law.

60.     Answering paragraph 60 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

61.     Answering paragraph 61 of the Amended Complaint, Defendant objects to the phrase "more than fulfills" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

62.     Answering paragraph 62 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

63.     Answering paragraph 63 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

64.     Answering paragraph 64 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

65.     Answering paragraph 65 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

66.     Answering paragraph 66 of the Amended Complaint, Defendant denies the allegations therein.

67.     Answering paragraph 67 of the Amended Complaint, Defendant denies the allegations therein.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

68.    Answering paragraph 68 of the Amended Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

69.    Answering paragraph 69 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

70.    Answering paragraph 70 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

71.    Answering paragraph 71 of the Amended Complaint, Defendant denies the allegations therein.

72.    Answering paragraph 72 of the Amended Complaint, Defendant denies the allegations therein.

73.    Answering paragraph 73 of the Amended Complaint, Defendant denies the allegations therein.

74.    Answering paragraph 74 of the Amended Complaint, Defendant objects to the phrase "generally accorded lengthy careers" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

75.    Answering paragraph 75 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

76.    Answering paragraph 76 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

**FIRST CAUSE OF ACTION**

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3)**

77.     Answering paragraph 77 of the Amended Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

78.     Answering paragraph 78 of the Amended Complaint, Defendant denies the allegations therein.

79.     Answering paragraph 79 of the Amended Complaint, Defendant objects to the phrases "business relationship" and "hosted" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.  Defendant further objects on the grounds that the allegation fails to sufficiently define a specific time period, rendering the allegation not susceptible to a knowing admission or denial, and on that further basis Defendant denies the allegation.

80.     Answering paragraph 80 of the Amended Complaint, Defendant denies the allegations therein.

81.     Answering paragraph 81 of the Amended Complaint, Defendant denies the allegations therein.

82.     Answering paragraph 82 of the Amended Complaint, Defendant denies the allegations therein.

83.     Answering paragraph 83 of the Amended Complaint, Defendant denies the allegations therein.

84.     Answering paragraph 84 of the Amended Complaint, Defendant denies the allegations therein.

85.     Answering paragraph 85 of the Amended Complaint, Defendant denies the allegations therein.

86.     Answering paragraph 86 of the Amended Complaint, Defendant denies the allegations therein.

87.     Answering paragraph 87 of the Amended Complaint, Defendant denies the allegations therein.

88.    Answering paragraph 88 of the Amended Complaint, Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION

### (Race Discrimination under Federal Law, 42 U.S. Code § 2000e-2)

89.    Answering paragraph 89 of the Amended Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

90.    Answering paragraph 90 of the Amended Complaint, Defendant denies the allegations therein.

91.    Answering paragraph 91 of the Amended Complaint, Defendant denies the allegations therein.

92.    Answering paragraph 92 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

93.    Answering paragraph 93 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

94.    Answering paragraph 94 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies the same.

95.    Answering paragraph 95 of the Amended Complaint, Defendant denies the allegations therein.

96.    Answering paragraph 96 of the Amended Complaint, Defendant denies the allegations therein.

97.    Answering paragraph 97 of the Amended Complaint, Defendant denies the allegations therein.

98.    Answering paragraph 98 of the Amended Complaint, Defendant denies the allegations therein.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

99.     Answering paragraph 99 of the Amended Complaint, Defendant denies the allegations therein.

100.    Answering paragraph 100 of the Amended Complaint, Defendant denies the allegations therein.

## REQUEST FOR JURY

101.    Answering paragraph 101 of the Amended Complaint, Defendant avers that there are no factual allegations contained therein, and on that basis neither an admission nor denial is required.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.      To the extent applicable, each and every allegation made by Plaintiff in his Amended Complaint is time barred.

3.      To the extent applicable, Plaintiff's claims are barred for failing to timely exhaust his administrative, statutory, or contractual remedies.

4.      The claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

5.      Plaintiff suffered no damages as a result of any unlawful action or inaction by Defendant.

6.      Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiff, and for which Defendant cannot be held liable.

7.      Any alleged damages suffered by Plaintiff were caused by Plaintiff's own conduct, or by the conduct of his agents and/or representatives.

8.      Any alleged damages suffered by Plaintiff were caused by Plaintiff's ratification, or by the ratification of his agents and/or representatives.

9.      To the extent applicable, upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on his Amended Complaint against Defendant, if any.

10.      Plaintiff's claims are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

11.      If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

12.      If Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments, Plaintiff received.

13.      Any and all actions taken by Defendant with regard to Plaintiff's application for employment were based upon legitimate, non-discriminatory, non-retaliatory business reasons and would have been taken regardless of Plaintiff's race, or any other protected category.

14.      In the event that it is concluded that a prohibited factor motivated any act alleged by Defendant against Plaintiff, the same acts would have been undertaken even absent said alleged improper or discriminatory motive and, as such, Plaintiff is not entitled to any relief.

15.      Plaintiff's claims for punitive damages are limited by statute, and/or limited by the principles of due process as articulated by the United States Supreme Court in State Farm v. Campbell, 538 U.S. 408 (2003).

16.      Defendant asserts that punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article 1, Section 8 of the Nevada Constitution.

17.      Punitive damages against Defendant are not permissible because Plaintiff cannot establish that Defendant is guilty of oppression, fraud, or malice, express or implied.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

18. Punitive damages against Defendant are not permissible because Plaintiff cannot establish any negligence on the part of Defendant that qualifies as intentional conduct.

19. Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

20. Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Amended Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiff's Amended Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, that said Complaint be dismissed with prejudice, and an award of attorneys' fees and costs according thereto.

Dated: September 23, 2022.

McDONALD CARANO LLP

By: /s/ Daniel I. Aquino
Kristen T. Gallagher (NSBN 9561)
Daniel I. Aquino (NSBN 12682)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for Defendant*
*College of Southern Nevada*

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of McDonald Carano LLP, and that on the 23rd day of September, 2022, a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

Melvin Hale, Ph.D.
9030 W. Sahara Avenue
#265
Las Vegas, NV 89117

*Plaintiff*

/s/ *Marianne Carter*
An employee of McDonald Carano LLP