Kristen T. Gallagher (NSBN 9561)
Daniel I. Aquino (NSBN 12682)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for Defendant College of Southern Nevada*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELVIN HALE, Ph.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE COLLEGE OF SOUTHERN NEVADA, a State of Nevada entity,<br><br>    Defendant. | Case No: 2:22-cv-01321-CDS-EJY<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Defendant State of Nevada ex rel. Board of Regents for the Nevada System of Higher Education on behalf of the College of Southern Nevada ("Defendant") and Plaintiff Melvin Hale, Ph.D., ("Plaintiff") (each a "Party" and collectively, the "Parties" or the "Named Parties"), hereby enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order") pursuant to FRCP 26(c). This Stipulated Protective Order shall, in no way, be interpreted to mean that Defendant consent to the limited use of any documents identified as confidential by Plaintiff or that Plaintiff consents to the limited use of any documents identified by Defendant as Confidential. To the extent that the District Court later determines that certain documents are not confidential, the provisions of this Stipulated Protective Order shall no longer govern such documents. The Parties have agreed and stipulated to the entry of this Stipulated Protective Order for the protection of certain business records, information, financial records,

confidential records, commercial information, patent or other intellectual property rights, and related information produced or otherwise disclosed by the Parties as follows:

1. Any Party or non-party from whom discovery has been sought (the "<u>Producing Party</u>") may designate certain documents, testimony, or other discovery material, and all copies thereof, as "Confidential" or "Limited Access Confidential" (collectively referred to as "<u>Designated Information</u>") pursuant to the terms of this Stipulated Protective Order. Any previously disclosed documents, testimony, or other discovery material, and all copies thereof, originally, or subsequently after the initial disclosure, designated as "Confidential" or "Limited Access Confidential" will also be referred to as "Designated Information" pursuant to the terms of this Stipulated Protective Order.

(a) Confidential information shall include only such discovery material that the designating party or non-party reasonably believes not to be in the public domain and that contains any confidential offers of employment, financial information, trade secrets, intellectual property, inventions, or patentable ideas or other confidential, strategic, research, development, or commercial information. It also includes: Extremely sensitive discovery material that the designating party reasonably believes the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(b) A document or information contained in a document or discovery response given or filed in this lawsuit may be designated "Confidential" or "Limited Access Confidential" by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing Confidential information with the word "CONFIDENTIAL" or "LIMITED ACCESS CONFIDENTIAL". Documents produced for inspection and made available as they are kept in the usual course of business may be designated "Confidential" or "Limited Access Confidential" by stamping or otherwise marking (in such manner as will not interfere with the legibility of the box) each box with the word "CONFIDENTIAL" or "LIMITED ACCESS CONFIDENTIAL". Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information shall also be treated as Confidential pursuant to this Stipulated Protective Order.

2. Any inadvertent failure to designate a document or information during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" or "Limited Access Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" or "Limited Access Confidential" shall be so designated by stamping the exhibit accordingly.

3. All "Confidential" or "Limited Access Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this case, or in any case, mediation, or arbitration arising out of, or related to, this case, and for no other purpose. Unless and until the Court rules that documents or information designated as "Confidential" or "Limited Access Confidential" shall not be treated as "Confidential" or "Limited Access Confidential", persons who receive documents or information so designated shall use and treat it as such, and shall not disclose it. Notwithstanding the foregoing, documents and information designated as "Confidential" may be disclosed to the following persons:

(a) Named Parties may review the documents but must return all copies of the Designated Information following their review absent the consent of the designating party;

(b) Attorneys for Named Parties;

(c) Persons working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(d) Independent experts or consultants retained by a Party or an attorney for purposes of this litigation, as well as any employees, associates or independent contractors retained by those attorneys, experts, or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

(e) Deponents, provided that the Designated Information is separately bound and designated as "Confidential" or "Limited Access Confidential";

(f) Any person who originally authored or received the designated document

or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

   (g) The Court and Court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators or any judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any Stipulated Protective Order the Court subsequently enters to further preserve the confidentiality of documents used at trial.

  4. Documents and information designated as "Limited Access Confidential" may only be disclosed to the following persons:

   (a) Attorneys for Named Parties;

   (b) Persons working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

   (c) Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

   (d) The Court and Court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators or any judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any Stipulated Protective Order the Court subsequently enters to further preserve the confidentiality of documents used at trial.

  5. Prior to dissemination of documents or information designated "Confidential" or "Limited Access Confidential", to a person described in paragraphs 3(a)-(f) or 4(a)-(d), that person shall be advised in writing by counsel making such dissemination of the terms of this Stipulated Protective Order.  Any Person identified in paragraphs 3(d)-(e) to whom the opposing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed shall first be required to execute the attached Acknowledgement and Agreement To Be Bound To Stipulated Confidentiality Agreement and Protective Order (the "<u>Acknowledgement</u>"), the form of which is attached hereto as "Exhibit A" and to be bound by the terms of this Protective Order.  As to each person to whom any Confidential Information is disclosed pursuant to the

Acknowledgement and this Protective Order, such information may be used only for purposes of this litigation and may not be used for any other purpose.

6. Any Party who seeks to make any document or information designated "Confidential" or "Limited Access Confidential" a part of the record shall file a motion with the Court seeking an order permitting the document to be filed under seal. If the Court should deny any such motion, the parties shall use their good-faith efforts to protect the "Confidential" or "Limited Access Confidential" information pursuant to this Stipulated Protective Order.

7. A Party seeking to seal documents shall submit a separate memorandum of points and authorities that presents articulated facts identifying compelling reasons for non-disclosure that are sufficient to overcome the strong presumption of public access to information in a court proceeding. Any application to seal documents shall be served on opposing counsel together with the documents proposed to be filed under seal. Such service on opposing counsel shall be made timely so as to allow opposing counsel ample time to respond without causing a delay in the preceding. In addition, the Producing Party shall have the opportunity to submit additional memoranda in support of the motion to seal if that Party determines such is necessary to preserve the confidentiality of the documents in question. If the Court determines that the document or information designated as "Confidential" or "Limited Access Confidential" does not satisfy the requirements for obtaining an order sealing such documents, the designation of "Confidential" or "Limited Access Confidential" shall be stricken from the document or information and such shall be treated as non-confidential.

8. This Stipulated Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court, and shall survive the termination of this action.

9. Nothing herein shall impose any confidentiality obligation upon information which was already in the public domain.

10. Each party receiving material which has been designated as "Confidential" or "Limited Access Confidential" shall destroy or return all such materials upon the conclusion of this action and any appeals arising therefrom. Notwithstanding anything in this Stipulated

Protective Order to the contrary, counsel for the respective Parties may retain one copy of the materials designated "Confidential" or "Limited Access Confidential" in his or her stored filed for archival purposes, but may not use or disseminate such materials except as ordered by a court.

11. Within thirty (30) days after the conclusion of this action, including any appeals taken from a final judgment entered herein, all documents designated "Confidential" or "Limited Access Confidential" and copies thereof shall be returned to the Producing Party, other than that which is contained in pleadings, correspondence, and deposition transcripts. Counsel for the Parties shall either return to that Party or destroy, subject to the archival purposes specified in Paragraph 10, any and all notes, extracts, summaries, and other materials that contain information derived from documents designated confidential within the time period upon the request of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. With respect to all documents produced in connection with this litigation and designated by a Producing Party as containing or disclosing confidential information of that Party, all Parties agree that all such documents produced by a Producing Party will be used exclusively for the purpose of prosecuting or defending the instant litigation between the Parties hereto and will not be used for any other purpose whatsoever.

13. All objections as to admissibility into evidence of the documents or information designated "Confidential" or "Limited Access Confidential" and subject to this Stipulated Protective Order are reserved until hearing in this case, or in any case, mediation, or arbitration arising out of, or related to, this case.

14. The Parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all parties had executed the same original.

15. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Limited Access Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. This Stipulated Protective Order is not relevant or admissible concerning any claim of confidentiality, proprietary information, or trade

secrets. In addition, any failure to object to any designation during discovery is not an acknowledgment or concession that the information is confidential, proprietary or a trade secret, and the parties expressly reserve the right to assert that any document marked "Confidential" or "Limited Access Confidential" is not confidential, proprietary, or a trade secret by any means necessary to obtain an appropriate order addressing the confidentiality of such documents. This Stipulated Protective Order does not shift the burden of any party to establish that a document or information is confidential, proprietary, or a trade secret.

16. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential" or "Limited Access Confidential", the Party objecting shall first try to resolve such disagreement with the producing party in good faith on an informal basis. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order determining whether the Designated Information is confidential. In the event of any dispute as to the propriety of a designation, the Party objecting to the designation may submit the issue to the Court for resolution.

17. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Designated Information. The fact that Information is designated "Confidential" or "Limited Access Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court the question of:

   a) whether any particular document, information, or transcript is or is not confidential;

   b) whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

///

///

///

      c)    whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

DATED this 13th day of December, 2022.

McDONALD CARANO LLP

By: /s/ Daniel I. Aquino
    Kristen T. Gallagher (NSBN 9561)
    Daniel I. Aquino (NSBN 12682)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102

*Attorneys for Defendant
College of Southern Nevada*

By: /s/ Melvin Hale
    Melvin Hale, Ph.D.
    9030 W. Sahara Avenue
    #265
    Las Vegas, NV  89117

*Plaintiff*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 14, 2022

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELVIN HALE, Ph.D.,<br><br>   Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE COLLEGE OF SOUTHERN NEVADA, a State of Nevada entity,<br><br>   Defendant. | Case No: 2:22-cv-01321-CDS-EJY<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

  I, _____, hereby acknowledge receipt of a copy of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-referenced action, and agree as follows:

  1. I acknowledge that I have read the Protective Order and agree to be bound by its terms and conditions and to hold any "Confidential" or "Limited Access Confidential" information and/or materials disclosed to me in accordance with the Protective Order.

  2. I will take all steps reasonably necessary to ensure that any secretarial, clerical, or other personnel who assist me in connection with my participation in this action will likewise comply with the terms and conditions of the Protective Order.

  3. I further understand that I am to retain all copies of all documents or information marked pursuant to the Protective Order in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in the above-referenced litigation, whereupon the originals or any copies of such materials, any work product derived from said information and/or materials, and this Acknowledgment and Agreement, will be returned to counsel who provided the under with such materials.

[THIS SPACE LEFT INTENTIONALLY BLANK]

4. To assure my compliance with the Protective Order, I submit to the jurisdiction of the above-referenced Court for the limited purpose of any proceeding related to the enforcement of, performance under, compliance with or violation of the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential in accordance with the Protective Order solely for the purposes of the above-referenced litigation, and not to disclose any such Designated Information to any other person, firm or concern.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 20____.

Signature: _____
Name (printed): _____
Title/Position: _____
Employer: _____
Address: _____